**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALAN POWLETTE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC and CREDIT UNION ONE,

Defendants.
_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Alan Powlette (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); Trans Union LLC (hereinafter "Trans Union"); and Credit Union One (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*, and asserts a claim for common law conversion.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims for violation of the FCCPA and for conversion pursuant to 28 U.S.C. § 1367(a), as those claims arise out of the same case or controversy and the same common nucleus of operative fact as Plaintiff's federal FCRA claims.

8. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9. Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and by Fla. Stat. § 559.55(2).

11. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

12. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

15. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

16. Experian disburses such consumer reports to third parties under contract for monetary compensation.

17. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

18. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating

and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

19. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

20. Credit Union One is a credit union headquartered at 400 E. Nine Mile Road, Ferndale, Michigan 48220 that, upon information and belief, conducts business in the State of Florida, including originating and servicing the motor vehicle retail installment contract at issue in this action.

21. Credit Union One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

22. Credit Union One furnished information about Plaintiff to Equifax, Experian, and Trans Union that was inaccurate.

23. Credit Union One is a "person" as that term is defined under Fla. Stat. § 1.01(3) and is subject to the provisions of Fla. Stat. § 559.72 because that section applies to any person who collects or attempts to collect a debt as defined in Fla. Stat. § 559.55(6).

## FACTUAL ALLEGATIONS

24. Earlier this year, Plaintiff was contacted by his auto lender, Credit Union One, regarding an alleged discrepancy on his account.

25. Plaintiff had autopay set up for his auto loan and therefore believed there should not be any missed or late payments.

26. When Plaintiff spoke with Credit Union One, he was informed that the lender's records showed missed payments dating back to October 2025 and that the issue was related to unpaid insurance charges.

27. At all relevant times, Plaintiff maintained active automobile insurance coverage and had been making his insurance payments. At the time of these events, Plaintiff was insured through United Automobile Insurance Company; prior to that, he was insured through Progressive.

28. Plaintiff possesses documentation showing that he maintained continuous insurance coverage during the relevant period as well as proof of his auto loan payments.

29. Despite Plaintiff's continuous insurance coverage, Credit Union One began charging Plaintiff for lender-placed (force-placed) insurance without his knowledge.

30. Plaintiff was unaware of these force-placed insurance charges because he already maintained his own private insurance coverage through United Automobile Insurance Company.

31. Credit Union One had no legitimate basis to charge Plaintiff for force-placed insurance or to treat Plaintiff's account as in default as Plaintiff's own insurance coverage never lapsed.

32. In March 2026, Plaintiff's vehicle was repossessed by or at the direction of Credit Union One based on the insurance-related default.

33. Plaintiff was subsequently informed that he would need to pay approximately $7,000.00 to have the vehicle returned to him.

34. Plaintiff has been without his vehicle since the repossession and has had to rely on his daughter's vehicle for transportation.

35. On or about April 6, 2026, Plaintiff obtained copies of his consumer credit reports from Equifax, Experian, and Trans Union.

36. Plaintiff's credit reports reflected a Credit Union One account, Account No. ending 0001, with a reported balance of $4,029.00, an open date of 06/09/2021, and a status of "Repossession."

37. On or about July 23, 2026, Plaintiff mailed through USPS detailed dispute letters to Equifax (9589 0710 5270 2584 5398 81), Experian (9589 0710 5270 2584 5398 98), and Trans Union (9589 0710 5270 2584 5399 11) disputing the Credit Union One account as inaccurate, explaining that he had maintained continuous insurance coverage throughout the relevant period and had not missed any loan payments. Plaintiff's dispute letters included, among other supporting documentation, his payment history, insurance identification cards and his automobile insurance policy declarations page.

38. Plaintiff's dispute letters were delivered to Equifax, Experian, and Trans Union on or about July 27, 2026.

39. As of the filing of this Complaint, none of Equifax, Experian, or Trans Union has provided Plaintiff with any results of its investigation, by mail, email, or otherwise and the Credit Union One account has continued to be reported on Plaintiff's credit files.

40. Equifax failed to conduct any independent investigation into Plaintiff's dispute, but rather parroted information it received from Credit Union One. Equifax never attempted to contact Plaintiff during its purported investigation.

41. Experian failed to conduct any independent investigation into Plaintiff's dispute, but rather parroted information it received from Credit Union One. Experian never attempted to contact Plaintiff during its purported investigation.

42. Trans Union failed to conduct any independent investigation into Plaintiff's dispute, but rather parroted information it received from Credit Union One. Trans Union never attempted to contact Plaintiff during its purported investigation.

43. Upon information and belief, Equifax, Experian, and Trans Union each notified Credit Union One of Plaintiff's dispute. However, Credit Union One failed to conduct a reasonable investigation and merely compared its own erroneous data to the information provided by the CRAs in connection with the dispute investigations.

44. On or about September 1, 2026, Plaintiff obtained updated copies of his consumer credit reports and discovered that, rather than correcting the inaccurate reporting, Defendants' reporting of the account remained inaccurate and derogatory.

45. Plaintiff's updated Equifax credit report reflected the Credit Union One account with a reported balance of $1,886.00 and a status of "Charge Off."

46. Plaintiff's updated Trans Union credit report reflected the same Credit Union One account, Account No. 14631314L****, with a reported balance of $1,886.00 and a status of "Charge Off."

47. Plaintiff's updated Experian credit report reflected the Credit Union One account, Account No. 146313XXXX, as charged off, with $1,833.00 written off and $1,906.00 reported past due.

48. As of the filing of this Complaint, upon information and belief, Equifax, Experian, and Trans Union continue to report the inaccurate Credit Union One account on Plaintiff's credit files.

49. Credit Union One has not conducted a reasonable investigation into Plaintiff's dispute despite the substantial evidence Plaintiff provided establishing that he maintained continuous insurance coverage and was never in default.

50. Plaintiff continues to suffer as of the filing of this Complaint as a result of Defendants' reluctance to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

51. Had Defendants conducted a reasonable investigation in response to Plaintiff's dispute, the results would have been different.

52. As a further, direct, and proximate result of Credit Union One's wrongful assessment of force-placed insurance charges and its wrongful repossession of Plaintiff's vehicle, Plaintiff has been deprived of the use of his vehicle since March 2026, has been forced to rely on his daughter's vehicle for transportation, and has been told he must pay approximately $7,000.00 — funds he does not legitimately owe — in order to have his vehicle returned.

53. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

54. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

ii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iii. Reduction in his credit score as a result of Defendants' failure to properly investigate the disputed information;

iv. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

v. Defamation as Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score as well as to soft and promotional inquiries.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Negligent)

55. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

56. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57. Equifax allowed for a furnisher, Credit Union One, to report inaccurate and erroneous account information to Plaintiff's credit file.

58. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

59. Equifax selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

60. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

61. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

62. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

63. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**

**Defendant, Equifax Information Services LLC (Willful)**

64. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

65. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66. Equifax allowed for a furnisher, Credit Union One, to report inaccurate and erroneous account information to Plaintiff's credit file.

67. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

68. Equifax selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

69. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

70. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

71. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

72. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

73. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

74. After receiving Plaintiff's dispute, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv)

failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

75. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

76. Plaintiff provided Equifax with the information it needed to confirm that the pay status and balance of the Credit Union One account were inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

77. As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

78. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

79. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

80. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

81. After receiving Plaintiff's dispute, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

82. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

83. Plaintiff provided Equifax with the information it needed to confirm that the pay status and balance of the Credit Union One account were inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

84. As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

85. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

86. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**

**Defendant, Experian Information Solutions, Inc. (Negligent)**

87. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

88. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

89. Experian allowed for a furnisher, Credit Union One, to report inaccurate and erroneous account information to Plaintiff's credit file.

90. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

91. Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

92. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

93. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

94. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

95. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

96. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

97. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

98. Experian allowed for a furnisher, Credit Union One, to report inaccurate and erroneous account information to Plaintiff's credit file.

99. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

100. Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

101. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

102. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

103. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

105. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

106. After receiving Plaintiff's dispute, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

107. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

108. Plaintiff provided Experian with the information it needed to confirm that the pay status and balance of the Credit Union One account were inaccurate.

Experian ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

109. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

110. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

112. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

113. After receiving Plaintiff's dispute, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

114. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

115. Plaintiff provided Experian with the information it needed to confirm that the pay status and balance of the Credit Union One account were inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

116. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress,

anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

117. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

118. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

119. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

120. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

121. Trans Union allowed for a furnisher, Credit Union One, to report inaccurate and erroneous account information to Plaintiff's credit file.

122. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

123. Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

124. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

125. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

126. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

127. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)**

128. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

129. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

130. Trans Union allowed for a furnisher, Credit Union One, to report inaccurate and erroneous account information to Plaintiff's credit file.

131. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

132. Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

133. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

134. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

135. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

136. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT XI
**Violation of 15 U.S.C. § 1681i as to**

**Defendant, Trans Union LLC (Negligent)**

137. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

138. After receiving Plaintiff's dispute, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

139. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

140. Plaintiff provided Trans Union with the information it needed to confirm that the pay status and balance of the Credit Union One account were inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

141. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of time; financial loss;

emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

142. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

143. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

144. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

145. After receiving Plaintiff's dispute, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

146. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

147. Plaintiff provided Trans Union with the information it needed to confirm that the pay status and balance of the Credit Union One account were inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

148. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

149. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

150. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, Credit Union One (Negligent)**

151. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

152. Credit Union One furnished inaccurate account information to Equifax, Experian, and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

153. After receiving Plaintiff's dispute, Credit Union One violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records

to prevent the re-reporting of the inaccurate account information to the consumer reporting agencies.

154. Plaintiff provided all of the relevant information and documents necessary for Credit Union One to have identified that the account's pay status and balance were inaccurate, including his insurance documentation and payment history.

155. Credit Union One knowingly chose to follow procedures which did not review, confirm, or verify that the account's pay status and balance were accurate.

156. Credit Union One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Trans Union and Experian after it had been notified that the information it was furnishing was inaccurate.

157. As a direct result of this conduct, action, and/or inaction of Credit Union One, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

158. The conduct, action, and inaction of Credit Union One was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

159. Plaintiff is entitled to recover costs and attorney's fees from Credit Union One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual damages against Defendant, Credit Union One; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, Credit Union One (Willful)**

160. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

161. Credit Union One furnished inaccurate account information to Equifax, Experian, and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

162. After receiving Plaintiff's dispute, Credit Union One violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate account information to the consumer reporting agencies.

163. Plaintiff provided all of the relevant information and documents necessary for Credit Union One to have identified that the account's pay status and balance were inaccurate, including his insurance documentation and payment history.

164. Credit Union One knowingly chose to follow procedures which did not review, confirm, or verify that the account's pay status and balance were accurate.

165. Credit Union One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Trans Union and Experian after it had been notified that the information it was furnishing was inaccurate.

166. As a direct result of this conduct, action, and/or inaction of Credit Union One, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with his credit and the damages otherwise outlined in this Complaint.

167. The conduct, action, and inaction of Credit Union One was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

168. Plaintiff is entitled to recover costs and attorney's fees from Credit Union One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Credit

Union One; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XV**
**Violation of Fla. Stat. § 559.72(9)**
**as to Defendant, Credit Union One**

169. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

170. Pursuant to Florida Statute § 559.72, in collecting consumer debts, no person shall engage in the prohibited collection practices delineated in the statute. The FCCPA is not restricted to third-party debt collectors, but applies equally to original creditors such as Credit Union One. See Fla. Stat. § 559.55; Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 811-12 (Fla. 4th DCA 2002).

171. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

172. Credit Union One knew, or should have known, that Plaintiff maintained continuous, valid automobile insurance coverage throughout the relevant period and that no legitimate basis existed to charge Plaintiff for force-placed insurance or to treat his account as in default.

173. Despite this knowledge, Credit Union One claimed, attempted, and/or threatened to enforce a debt it knew was not legitimate, and asserted a legal right to repossess Plaintiff's vehicle and to demand approximately $7,000.00 for its return, when it knew, or should have known, that no such right existed.

174. As a direct and proximate result of Credit Union One's conduct, Plaintiff has sustained substantial damages, including the loss of use of his vehicle, in an amount to be established at trial.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court enter judgment in his favor against Defendant, Credit Union One, for: statutory damages, as provided under Fla. Stat. § 559.77(2); attorney's fees, litigation expenses, and costs, as provided under Fla. Stat. § 559.77(2); punitive damages, as provided under Fla. Stat. § 559.77(2); an injunction prohibiting Credit Union One from engaging in further unlawful conduct as set forth above; and such other or further relief as the Court deems proper.

**COUNT XVI**
**Conversion as to Defendant, Credit Union One**

175. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

176. The repossession of Plaintiff's vehicle by Credit Union One was a wrongful action. At the time of the repossession, Plaintiff had maintained continuous

insurance coverage on the vehicle and was not in default of any legitimate obligation owed to Credit Union One.

177. Credit Union One took possession of the vehicle and has continued to wrongfully withhold it from Plaintiff, exercising dominion and control over the vehicle inconsistent with Plaintiff's ownership rights, and conditioning its return on payment of a debt Plaintiff does not legitimately owe.

178. The actions of Credit Union One have deprived, and continue to deprive, Plaintiff of the use of the vehicle he rightfully owns.

179. The conduct of Credit Union One was grossly negligent, willful, and/or in reckless disregard of Plaintiff's rights.

180. As a direct result of this conduct, Plaintiff has suffered damages, including without limitation, loss of the use of his vehicle, difficulty in commuting as part of daily life, mental and emotional pain stemming from the anguish, humiliation, and stress, and the damages otherwise outlined in this Complaint.

181. Plaintiff is entitled to recover damages from Credit Union One including, but not limited to, the value of the use of the vehicle, incidental damages, punitive damages, and expenses.

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests a finding against Defendant, Credit Union One, and an award of the value of the use of the

vehicle, incidental damages, punitive damages, expenses, and all other such additional relief as the Court deems just, equitable, and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Alan Powlette, respectfully requests that this Court award judgment for actual, statutory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC; and Credit Union One, jointly and severally, on Plaintiff's FCRA claims; award Plaintiff the relief requested above against Credit Union One on Plaintiff's FCCPA and conversion claims; award Plaintiff attorneys' fees and costs; award prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of September, 2026.

Respectfully submitted,

/s/ Octavio Gomez
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602

Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*